1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

8
9
10

ALPS PROPERTY & CASUALTY
INSURANCE COMPANY, a foreign
insurer

            Plaintiff,

11

     v.

12
13
14
15
16
17
18
19

KIRK D. MILLER, an individual, KIRK
D. MILLER, P.S., a Washington
Professional Service corporation, BRIAN
CAMERON, an individual, SHAYNE
SUTHERLAND, an individual,
CAMERON SUTHERLAND PLLC, a
Washington Professional Limited
Liability Company, ISAAC GORDON,
an individual, and ROBINHOOD
FINANCIAL LLC, a foreign Limited
Liability Company,

            Defendants.

No. 2:22-cv-00064

**COMPLAINT FOR
DECLARATORY RELIEF**

20
21
22

     Plaintiff ALPS Property & Casualty Insurance Company (hereinafter "ALPS") submits the following Complaint for Declaratory Relief pursuant to 28

23
24

COMPLAINT FOR DECLARATORY RELIEF – 1

U.S.C. §2201 and Fed. R. Civ. P. 57.

## I.    PARTIES

1.1    Plaintiff ALPS Property & Casualty Insurance Company is a foreign insurance company organized under the laws of the State of Montana with its principal place of business in the State of Montana.

1.2    Defendant Kirk D. Miller is an attorney licensed to practice law in the state of Washington (WSBA #40025) and is a resident and citizen of the state of Washington.

1.3    Defendant Kirk D. Miller, P.S. is a Washington Professional Service Corporation with a principal place of business in the State of Washington.

1.4    Defendant Brian Cameron is an attorney licensed to practice law in the state of Washington (WSBA #44905) and is a resident and citizen of the state of Washington.

1.5    Defendant Shayne Sutherland is an attorney licensed to practice law in the state of Washington (WSBA #44593) and is a resident and citizen of the state of Washington.

1.6    Defendant Cameron Sutherland PLLC is a Washington Professional Limited Liability Company with a principal place of business in the State of Washington. The membership of Cameron Sutherland PLLC consists entirely of

COMPLAINT FOR DECLARATORY RELIEF – 2

Brian Cameron and Shayne Sutherland, both of whom are residents and citizens of the state of Washington.

1.7    Defendant Isaac Gordon is an individual and is a resident and citizen of the state of Washington.

1.8    Defendant Robinhood Financial LLC is a foreign Limited Liability Company with a principal place of business in the State of California.

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1332 et sequent, as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

2.2    This Court has jurisdiction over this Declaratory Judgment action pursuant to 28A U.S.C. § 2201 because there is an actual and justiciable controversy between the parties with respect to the existence of insurance coverage under the Policies of Insurance issued by ALPS. A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate at this time because ALPS has no adequate remedy allowed to resolve the current controversy.

2.3    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this action involves a dispute over the application of insurance coverage under policies written out of Washington, events and omissions which give rise to this claim occurred in

COMPLAINT FOR DECLARATORY RELIEF – 3

this district, and because all of the Defendants are subject to this Court for personal jurisdiction.

## III.    FACTS

### A.    The Underlying Matter

3.1    ALPS issued a Lawyers Professional Liability Policy of Insurance to Cameron Sutherland PLLC, policy number ALPS22052-3 (hereinafter the "Cameron Sutherland Policy"). The Cameron Sutherland Policy was in effect from August 30, 2020, to August 30, 2021.

3.2    The Cameron Sutherland Policy provides a $100,000 each claim limit and a $300,000 general aggregate limit.

3.3    ALPS issued a BASIC Lawyers Professional Liability Policy of Insurance to Kirk D. Miller, P.S., policy number ALPS24677-2 (hereinafter the "Miller Policy"). The Miller Policy was in effect from June 1, 2021, to June 1, 2022.

3.4    The Miller Policy provides a $500,000 each claim limit and a $500,000 general aggregate limit.

3.5    On or about October 29, 2019, Defendant Isaac Gordon (hereinafter "Gordon") filed a putative class-action lawsuit against Defendant Robinhood Financial LLC (hereinafter "Robinhood") entitled *Isaac Gordon v. Robinhood Financial LLC*, Case No. 19-2-04574-32 (hereinafter the "Underlying Lawsuit") in

COMPLAINT FOR DECLARATORY RELIEF – 4

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

the Superior Court of Washington of Spokane County.

3.6    The gravamen of the Underlying Lawsuit was that Gordon alleged that Robinhood had transmitted or assisted in the transmission of unsolicited text messages to him, and presumptively to a broader class of individuals, in violation of the Washington Commercial Electronic Mail Act (hereinafter the "CEMA").

3.7    To represent him in the Underlying Lawsuit, Gordon hired Defendant law firm Cameron Sutherland PLLC (hereinafter "Cameron Sutherland"), consisting of Defendants Brian Cameron (hereinafter "Cameron") and Shayne Sutherland (hereinafter "Sutherland"), as well as Defendant law firm Kirk D. Miller P.S. (hereinafter "Miller P.S"), consisting of Defendant attorney Kirk Miller (hereinafter "Miller").

3.8    After protracted and extensive discovery lasting over 18 months, Robinhood's counsel allegedly discovered that the source of the text messages to Gordon which allegedly violated the CEMA were the result of "referral codes" sent to Gordon's phone by phones which were allegedly traced to Cameron's brother and the friend of Cameron's son.

3.9    In addition, Gordon also allegedly admitted during discovery that he had a prior affiliation with Cameron and his family, that he was close personal friends with Cameron's brother, and that Cameron's brother had allegedly sent the

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1    Robinhood referral text directly to Mr. Gordon's phone.

2    3.10    Further, Robinhood also discovered during this period that Cameron

3    Sutherland and Miller P.S. allegedly had a history of filing similar claims to the one

4    advanced here, using friends and acquaintances to allegedly contrive to manufacture

5    or "set up" purported CEMA violations for the purpose of subsequently filing suits

6    against various businesses, all of which allegedly resulted in voluntary dismissals by

7    the claimant parties once their allegedly fraudulent activity came to light.

8    3.11    On May 18, 2021, Cameron Sutherland submitted a Notice of New

9    Claim or Potential Claim to ALPS on the basis of allegations made by Robinhood in

10    the Underlying Lawsuit that Cameron "set up" the claim in dispute.

11    3.12    As a result of these alleged discoveries and the resulting impression that

12    Cameron and Gordon had allegedly conspired to fraudulently contrive Gordon's

13    CEMA claims against Robinhood, the District Court decertified the class action and

14    remanded the case to Spokane County Superior Court on July 27, 2021.

15    3.13    On October 8, 2021, the Spokane County Superior Court dismissed

16    Gordon's case with prejudice and ruled that the entire basis for the initial claim was

17    frivolous.

18    3.14    On October 18, 2021, Robinhood filed a Motion for Attorney's Fees in

19    the Underlying Lawsuit, as well as for Civil Rule 11 sanctions to be imposed on

COMPLAINT FOR DECLARATORY RELIEF – 6

Miller, Miller P.S., Cameron, and Cameron Sutherland in the amount of their fees incurred in defending the case on the basis that attorney's fees may be awarded to a prevailing defendant as a matter of right under RCW 4.84.250 in cases where the amount in dispute was $10,000.00 or less, that attorney's fees may be awarded to a prevailing defendant as a matter of right under RCW 4.84.185 in an action that was frivolous or advanced without reasonable cause, and that Washington Civil Rule 11 allowed for the imposition of sanctions upon parties and counsel which may take the form of attorney's fees, where parties or counsel sign a pleading, motion, or memorandum that is not well grounded in fact or law, or is advanced for an improper purpose.

3.15   Robinhood concurrently filed a Memorandum in Support of Defendant's Motion for Attorney's Fees, wherein Robinhood summarized its factual findings during the Underlying Lawsuit and arguments for attorney's fees and sanctions against Miller individually, Cameron individually, Miller P.S, and Cameron Sutherland.

3.16   On October 26, 2021, Miller P.S. submitted a Notice of New Claim or Potential Claim to ALPS on the basis of the allegations in the Robinhood Motion for Attorney's Fees.

3.17   On October 28, 2021, Cameron Sutherland submitted a Notice of New

COMPLAINT FOR DECLARATORY RELIEF – 7

Claim or Potential Claim to ALPS on the basis of the allegations in the Robinhood

Motion for Attorney's Fees.

**B.      The Miller Policy**

3.18    The Miller Policy contains the following Insuring Agreement:

SECTION 1 – INSURING AGREEMENTS

A. COVERAGE

Subject to the Limit of Liability, exclusions, conditions and other terms of this Policy, the Company agrees to pay on behalf of the Insured all sums (in excess of the Deductible amount) that the Insured becomes legally obligated to pay as Damages, arising from or in connection with A CLAIM FIRST MADE AGAINST THE INSURED AND FIRST REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD, provided that all of the following conditions are satisfied:

1.  The Claim arises from a Wrongful Act that occurred on or after the Retroactive Coverage Date set forth in Item 2 of the Declarations;

2.  At the Effective Date of this Policy, no Insured knew or reasonably should have known or foreseen that the Wrongful Act might be the basis of a Claim;

3.  Notice of the Claim or the Wrongful Act was not given nor required to be given to any other insurer prior to the Effective Date; and

4.  The Claim is not otherwise covered under any other insurance policy that the Company has issued to the Named Insured.

COMPLAINT FOR DECLARATORY RELIEF – 8

3.19   The Miller Policy contains the following Definitions pertinent to the above-described Insuring Agreement:

**Claim** means a demand for money or services including, but not necessarily limited to, the service of suit or institution of arbitration or alternative dispute resolution proceedings against the **Insured.**

**Claim** does *not* mean *nor* include any demand, service or proceeding arising from or in connection with any actual or alleged:

…

3.   Employment-related matter involving an **Insured** as an employer;

…

7.   Notice or written demand arising from or in connection with any disciplinary, investigatory or other proceeding before a state licensing board, peer review committee or governmental regulatory body involving an **Insured Attorney**;

G. **Damages** means any:

1.   Monetary award by way of judgment or final arbitration, or any settlement; and

…

**Damages** does *not* mean *nor* include any:

3.   Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom, regardless against whom the same are levied or imposed and

COMPLAINT FOR DECLARATORY RELIEF – 9

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

regardless of whether the same were levied or imposed in a separate matter or proceeding;

4.    Awards deemed uninsurable by law;

5.    Injunctive, declaratory, or other equitable relief, or costs or fees incident thereto;

6.    Restitution, reduction, disgorgement or set-off of any fees, costs, consideration or expenses paid to, awarded to, charged by, or received by an **Insured**, or any other funds or property of any person or entity presently or formerly held or in any manner directly or indirectly controlled by an **Insured**;

7.    Judgment, award, verdict, decision or order that includes, as a measure, element or portion of the damages or award set forth therein, any amount the basis of which was determined by reference to the amount of fees, costs, consideration or expenses paid to, awarded to, charged by, or received by an **Insured**;

…

3.20    The Miller Policy contains the following Exclusions:

SECTION 3 – EXCLUSIONS

THIS **POLICY** DOES NOT APPLY TO ANY **CLAIM** ARISING FROM OR IN CONNECTION WITH:

A.    Any dishonest, fraudulent, criminal, malicious, or intentionally harmful **Wrongful Act** committed by, at the direction of, or with the consent of an **Insured**;

E.    Any **Wrongful Act** that occurred prior to the **Effective Date** of this **Policy**, if:

COMPLAINT FOR DECLARATORY RELIEF – 10

1.  The **Wrongful Act** occurred in the course of services or activities performed for a firm other than the **Named Insured**, and there is another policy of professional liability insurance that provides coverage for the **Claim**, regardless of the amount, if any, of the available limits of liability of the other policy, and regardless of whether or not the deductible provisions or limits of liability of the other policy are different from those of this **Policy**;

2.  There is an earlier-incepting policy of professional liability insurance that provides coverage for the **Claim**, or would have provided coverage for the **Claim** if the **Insured's** obligations under that policy had been complied with, regardless of the amount, if any, of the available limits of liability of the prior policy, and regardless of whether or not the deductible provisions or limits of liability of the prior policy are different from those of this **Policy**; or

3.  Prior to the **Effective Date** of this **Policy**, any **Insured** gave or should have given to any insurer, notice of a **Claim** or potential **Claim** arising from or in connection with the **Wrongful Act**, or from any **Wrongful Act** that is connected temporally, logically or causally, by any common fact, circumstance, situation, transaction, event, advice or decision to the **Claim** or potential **Claim**.

3.21   The Miller Policy contains the following General Conditions:

A. INSURED'S OBLIGATIONS UPON NOTICE OF CLAIM OR POTENTIAL CLAIM

1.  When an **Insured** becomes aware of a **Wrongful Act** that could reasonably be expected to be the basis of a **Claim**, but no **Claim** arising therefrom has yet been made, then as a condition precedent to the

COMPLAINT FOR DECLARATORY RELIEF – 11

**Company**'s obligation to defend or indemnify the **Insured** under this **Policy**, the **Insured** shall immediately give written notice to the **Company**. Such notice shall include the fullest information obtainable concerning the potential **Claim**. The **Insured** must deliver written notice to the **Company** in accordance with the CLAIMS MADE AND REPORTED POLICY paragraph set forth on page 1 of this **Policy**.

3.22   ALPS reserves the right to assert any other exclusions or grounds for which coverage for the claims asserted in the Underlying Complaint may be excluded under the Miller Policy.

3.23   ALPS reserves the right to assert any other policy language or coverage forms of the Miller Policy that may be potentially applicable to this action.

**C.    The Cameron Sutherland Policy**

3.24   The Cameron Sutherland Policy contains the following Insuring Agreement:

SECTION 1 – INSURING AGREEMENTS

A. COVERAGE

Subject to the Limit of Liability, exclusions, conditions and other terms of this Policy, the Company agrees to pay on behalf of the Insured all sums (in excess of the Deductible amount) that the Insured becomes legally obligated to pay as Damages, arising from or in connection with A CLAIM FIRST MADE AGAINST THE INSURED AND FIRST REPORTED IN WRITING TO THE COMPANY DURING THE

COMPLAINT FOR DECLARATORY RELIEF – 12

POLICY PERIOD, provided that all of the following conditions are satisfied:

1. The Claim arises from a Wrongful Act that occurred on or after the Retroactive Coverage Date set forth in Item 2 of the Declarations;

2. At the Effective Date of this Policy, no Insured knew or reasonably should have known or foreseen that the Wrongful Act might be the basis of a Claim;

3. Notice of the Claim or the Wrongful Act was not given nor required to be given to any other insurer prior to the Effective Date; and

4. The Claim is not otherwise covered under any other insurance policy that the Company has issued to the Named Insured.

3.25  The Cameron Sutherland Policy contains the following Definitions pertinent to the above-described Insuring Agreement:

**Claim** means a demand for money or services including, but not necessarily limited to, the service of suit or institution of arbitration or alternative dispute resolution proceedings against the **Insured**.

**Claim** does *not* mean *nor* include any demand, service or proceeding arising from or in connection with any actual or alleged:
…

3.  Employment-related matter involving an **Insured** as an employer;
…

7.  Notice or written demand arising from or in connection with any disciplinary, investigatory or

COMPLAINT FOR DECLARATORY RELIEF – 13

other proceeding before a state licensing board, peer review committee or governmental regulatory body involving an **Insured Attorney**;

H. **Damages** means any:

1. Monetary award by way of judgment or final arbitration, or any settlement; and

…

   **Damages** does *not* mean *nor* include any:

3. Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom, regardless against whom the same are levied or imposed and regardless of whether the same were levied or imposed in a separate matter or proceeding;

4. Awards deemed uninsurable by law;

5. Injunctive, declaratory, or other equitable relief, or costs or fees incident thereto;

6. Restitution, reduction, disgorgement or set-off of any fees, costs, consideration or expenses paid to, awarded to, charged by, or received by an **Insured**, or any other funds or property of any person or entity presently or formerly held or in any manner directly or indirectly controlled by an **Insured**;

7. Judgment, award, verdict, decision or order that includes, as a measure, element or portion of the damages or award set forth therein, any amount the basis of which was determined by reference to the

COMPLAINT FOR DECLARATORY RELIEF – 14

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

amount of fees, costs, consideration or expenses paid to, awarded to, charged by, or received by an **Insured**;

…

3.26   The Cameron Sutherland Policy contains the following Exclusions:

THIS **POLICY** DOES NOT APPLY TO ANY **CLAIM** ARISING FROM OR IN CONNECTION WITH:

A.   Any dishonest, fraudulent, criminal, malicious, or intentionally harmful **Wrongful Act** committed by, at the direction of, or with the consent of an **Insured**;

E.   Any **Wrongful Act** that occurred prior to the **Effective Date** of this **Policy**, if:

1.   The **Wrongful Act** occurred in the course of services or activities performed for a firm other than the **Named Insured**, and there is another policy of professional liability insurance that provides coverage for the **Claim**, regardless of the amount, if any, of the available limits of liability of the other policy, and regardless of whether or not the deductible provisions or limits of liability of the other policy are different from those of this **Policy**;

2.   There is an earlier-incepting policy of professional liability insurance that provides coverage for the **Claim**, or would have provided coverage for the **Claim** if the **Insured's** obligations under that policy had been complied with, regardless of the amount, if any, of the available limits of liability of the prior policy, and regardless of whether or not the deductible provisions or limits of liability of the prior policy are different from those of this **Policy**; or

3.   Prior to the **Effective Date** of this **Policy**, any **Insured** gave or should have given to any insurer,

COMPLAINT FOR DECLARATORY RELIEF – 15

notice of a **Claim** or potential **Claim** arising from or in connection with the **Wrongful Act**, or from any **Wrongful Act** that is connected temporally, logically or causally, by any common fact, circumstance, situation, transaction, event, advice or decision to the **Claim** or potential **Claim**.

3.27   The Cameron Sutherland Policy contains the following General Conditions:

B. INSURED'S OBLIGATIONS UPON NOTICE OF CLAIM OR POTENTIAL CLAIM

1. When an **Insured** becomes aware of a **Wrongful Act** that could reasonably be expected to be the basis of a **Claim**, but no **Claim** arising therefrom has yet been made, then as a condition precedent to the **Company**'s obligation to defend or indemnify the **Insured** under this **Policy**, the **Insured** shall immediately give written notice to the **Company**. Such notice shall include the fullest information obtainable concerning the potential **Claim**. The **Insured** must deliver written notice to the **Company** in accordance with the CLAIMS MADE AND REPORTED POLICY paragraph set forth on page 1 of this **Policy**.

3.28   ALPS reserves the right to assert any other exclusions or grounds for which coverage for the claims asserted in the Underlying Complaint may be excluded under the Cameron Sutherland Policy

3.29   ALPS reserves the right to assert any other policy language or coverage forms of the Cameron Sutherland Policy that may be potentially applicable to this action.

COMPLAINT FOR DECLARATORY RELIEF – 16

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

## IV.    CAUSE OF ACTION FOR DECLARATORY RELIEF

4.1    ALPS reasserts paragraphs 1.1 through 3.29 and incorporates the same as though fully set forth herein.

### A.    No Defense Coverage Or Indemnity Is Owed By ALPS to the Parties Insured Under The Miller Policy

4.2    There is no coverage available under the Miller Policy for the claims asserted by Robinhood against Miller and Miller P.S. in Robinhood's Motion for Attorney's Fees in the Underlying Lawsuit.

4.3    The Insuring Agreement of the Miller Policy sets forth that "Subject to the Limit of Liability, exclusions, conditions and other terms of this Policy, the Company agrees to pay on behalf of the Insured all sums (in excess of the Deductible amount) that the Insured becomes legally obligated to pay as Damages arising from or in connection with A CLAIM…"

4.4    The Miller Policy excludes "Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom, regardless against whom the same are levied or imposed and regardless of whether the same were levied or imposed in a separate matter or proceeding" from the definition of "Damages" under the Insuring

COMPLAINT FOR DECLARATORY RELIEF – 17

Agreement.

4.5     There is an actual and justiciable controversy as to whether the fees and sanctions requested against Miller and Miller P.S. by the Defendant in its Motion for Attorney's Fees in the Underlying Lawsuit constitute "Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom" which would resultingly exclude coverage.

4.6     The Miller Policy requires that any claims for coverage under the Miller Policy be "FIRST MADE AGAINST THE INSURED AND FIRST REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD…"

4.7     There is an actual and justiciable controversy as to whether the claims asserted by the Defendant in its Motion for Attorney's Fees in the Underlying Lawsuit were first made against Miller and/or Miller P.S. and were first reported in writing to the ALPS during the Policy Period of June 1, 2021 to June 1, 2022.

4.8     The Miller Policy excludes from coverage "any dishonest, fraudulent, criminal, malicious, or intentionally harmful Wrongful Act committed by, at the direction of, or with the consent of an Insured".

COMPLAINT FOR DECLARATORY RELIEF – 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

4.9    There is an actual and justiciable controversy as to whether the claims asserted by the Defendant in its Motion for Attorney's Fees in the Underlying Lawsuit constitute allegations of "dishonest, fraudulent, criminal, malicious, or intentionally harmful Wrongful Act(s)" committed by, at the direction of, or with the consent of Miller or Miller P.S., which would resultingly be excluded from coverage.

4.10    The Miller Policy excludes from coverage "Any Wrongful Act that occurred prior to the Effective Date of this Policy, if:…Prior to the Effective Date of this Policy, any Insured gave or should have given to any insurer, notice of a Claim or potential Claim arising from or in connection with the Wrongful Act, or from any Wrongful Act that is connected temporally, logically or causally, by any common fact, circumstance, situation, transaction, event, advice or decision to the Claim or potential Claim."

4.11    There is an actual and justiciable controversy as to whether Miller or Miller P.S., to the extent that the allegations forming the basis of the Defendant's Motion for Attorney's Fees in the Underlying Lawsuit occurred prior to the Effective Date of the Miller Policy, gave or ought to have given notice to ALPS of those allegations as forming the basis of a potential future claim against Miller or Miller P.S.

COMPLAINT FOR DECLARATORY RELIEF – 19

4.12   In addition to the provisions cited above, ALPS pleads all other conditions, terms, limitations, definitions, and exclusions of the Miller Policy which may be found to be applicable to ALPS' coverage and defense of the claims against Miller and Miller P.S. in this matter and ALPS reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes apparent.

### B.   No Defense Coverage Or Indemnity Is Owed By ALPS to the Parties Insured Under The Cameron Sutherland Policy

4.13   There is no coverage available under the Cameron Sutherland Policy for the claims asserted by Robinhood against Brian Cameron, Shayne Sutherland, and Cameron Sutherland PLLC in Robinhood's Motion for Attorney's Fees in the Underlying Lawsuit.

4.14   The Insuring Agreement of the Cameron Sutherland Policy sets forth that "Subject to the Limit of Liability, exclusions, conditions and other terms of this Policy, the Company agrees to pay on behalf of the Insured all sums (in excess of the Deductible amount) that the Insured becomes legally obligated to pay as Damages arising from or in connection with A CLAIM…"

4.15   The Cameron Sutherland Policy excludes "Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without

COMPLAINT FOR DECLARATORY RELIEF – 20

limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom, regardless against whom the same are levied or imposed and regardless of whether the same were levied or imposed in a separate matter or proceeding" from the definition of "Damages" under the Insuring Agreement.

4.16   There is an actual and justiciable controversy as to whether the fees and sanctions requested against Cameron, Sutherland, and Cameron Sutherland by the Defendant in its Motion for Attorney's Fees in the Underlying Lawsuit constitute "Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom" which would resultingly exclude coverage.

4.17   The Cameron Sutherland Policy requires that any claims for coverage be "FIRST MADE AGAINST THE INSURED AND FIRST REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD…"

4.18   There is an actual and justiciable controversy as to whether the claims asserted by the Defendant in its Motion for Attorney's Fees in the Underlying Lawsuit were first made against Cameron, Sutherland and/or Cameron Sutherland PLLC and were first reported in writing to the ALPS during the Policy Period of

COMPLAINT FOR DECLARATORY RELIEF – 21

August 30, 2020 to August 30, 2021.

4.19   The Cameron Sutherland Policy excludes from coverage "any dishonest, fraudulent, criminal, malicious, or intentionally harmful Wrongful Act committed by, at the direction of, or with the consent of an Insured".

4.20   There is an actual and justiciable controversy as to whether the claims asserted by the Defendant in its Motion for Attorney's Fees in the Underlying Lawsuit constitute allegations of "dishonest, fraudulent, criminal, malicious, or intentionally harmful Wrongful Act(s)" committed by, at the direction of, or with the consent of Cameron, Sutherland, or Cameron Sutherland PLLC, which would resultingly be excluded from coverage.

4.21   The Cameron Sutherland Policy excludes from coverage "Any Wrongful Act that occurred prior to the Effective Date of this Policy, if:…Prior to the Effective Date of this Policy, any Insured gave or should have given to any insurer, notice of a Claim or potential Claim arising from or in connection with the Wrongful Act, or from any Wrongful Act that is connected temporally, logically or causally, by any common fact, circumstance, situation, transaction, event, advice or decision to the Claim or potential Claim."

4.22   There is an actual and justiciable controversy as to whether Cameron, Sutherland, or Cameron Sutherland PLLC, to the extent that the allegations forming

COMPLAINT FOR DECLARATORY RELIEF – 22

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

the basis of the Defendant's Motion for Attorney's Fees in the Underlying Lawsuit occurred prior to the Effective Date of the Cameron Sutherland Policy, gave or ought to have given notice to ALPS of those allegations as forming the basis of a potential future claim against Cameron, Sutherland, or Cameron Sutherland PLLC or Miller P.S.

4.23   In addition to the provisions cited above, ALPS pleads all other conditions, terms, limitations, definitions, and exclusions of the Cameron Sutherland Policy which may be found to be applicable to ALPS' coverage and defense of the claims against Cameron, Sutherland, and Cameron Sutherland  in this matter and ALPS reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes apparent.

## V.    FIRST CAUSE OF ACTION -DECLARATORY RELIEF

5.1    ALPS is entitled to declaratory relief in its favor, specifically including a judicial determination as to its defense and indemnity obligations to Kirk Miller and Kirk D. Miller P.S. under the Miller Policy, and as to its defense and indemnity obligations to Brian Cameron, Shayne Sutherland, and Cameron Sutherland PLLC under the Cameron Sutherland Policy.

## VI.    PRAYER FOR RELIEF

ALPS, having alleged the foregoing, does now hereby pray for relief as

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

follows:

1.     For a declaration that ALPS owes no defense obligation to Kirk Miller for any claims asserted against him in the Complaint arising from the subject loss.

2.     For a declaration that ALPS owes no indemnity obligation to Kirk Miller for any claims asserted against him in the Complaint arising from the subject loss.

3.     For a declaration that ALPS owes no defense obligation to Kirk D. Miller, P.S. for any claims asserted against it in the Complaint arising from the subject loss.

4.     For a declaration that ALPS owes no indemnity obligation to Kirk D. Miller, P.S. for any claims asserted against it in the Complaint arising from the subject loss.

5.     For a declaration that ALPS owes no defense obligation to Brian Cameron for any claims asserted against him in the Complaint arising from the subject loss.

6.     For a declaration that ALPS owes no indemnity obligation to Brian Cameron for any claims asserted against him in the Complaint arising from the subject loss.

7.     For a declaration that ALPS owes no defense obligation to Shayne

COMPLAINT FOR DECLARATORY RELIEF – 24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

Sutherland for any claims asserted against him in the Complaint arising from the subject loss.

8.      For a declaration that ALPS owes no indemnity obligation to Shayne Sutherland for any claims asserted against him in the Complaint arising from the subject loss.

9.      For a declaration that ALPS owes no defense obligation to Cameron Sutherland PLLC for any claims asserted against it in the Complaint arising from the subject loss.

10.     For a declaration that ALPS owes no indemnity obligation to Cameron Sutherland PLLC for any claims asserted against it in the Complaint arising from the subject loss.

11.     For a declaration that the Defendants are bound by any judicial declarations in this matter involving the Miller Policy and the Cameron Sutherland Policy.

12.     For all interest allowed by law.

13.     For all attorney fees and costs allowed by statute and law.

14.     For all other and further relief as this honorable Court deems equitable.

COMPLAINT FOR DECLARATORY RELIEF – 25

1    DATED this 7th day of April 2022.

2                       LETHER LAW GROUP

3

4                       *s/ Thomas Lether*
                        Thomas Lether, WSBA #18089
5                       *s/ Eric J. Neal*
                        Eric J. Neal, WSBA # 31863
6                       1848 Westlake Ave N., Suite 100
                        Seattle, WA 98109
7                       P: 206-467-5444 F: 206-467-5544
                        tlether@letherlaw.com
8                       eneal@letherlaw.com
9                       *Attorneys for ALPS Property & Casualty*
                        *Insurance Company*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    COMPLAINT FOR DECLARATORY RELIEF – 26