UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY, a foreign insurer<br><br>    Plaintiff,<br><br>    v.<br><br>KIRK D. MILLER, an individual, KIRK D. MILLER, P.S., a Washington Professional Service corporation, BRIAN CAMERON, an individual, SHAYNE SUTHERLAND, an individual, CAMERON SUTHERLAND PLLC, a Washington Professional Limited Liability Company, ISAAC GORDON, an individual, and ROBINHOOD FINANCIAL LLC, a foreign Limited Liability Company,<br><br>    Defendants. | No. 2:22-cv-00064-TOR<br><br>**ALPS PROPERTY & CASUALTY INSURANCE COMPANY'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff ALPS Property & Casualty Insurance Company (ALPS) respectfully

submits the following Statement of Material Facts in support of its Motion for Partial

ALPS' STATEMENT OF MATERIAL FACTS - 1

Summary Judgment.

1.  Kirk D. Miller P.S., and Cameron Sutherland PLLC are law firms located in Spokane, Washington. Exhibit 1 and 2 to the Declaration of Stacey K. Smith.

2.  ALPS issued a PREFERRED Lawyers Professional Liability Policy of Insurance to Cameron Sutherland PLLC, policy number ALPS22052-3 (hereinafter the "Cameron Sutherland Policy"). The Cameron Sutherland Policy was in effect from August 30, 2020, to August 30, 2021. Ex. 1 to Smith Decl.

3.  ALPS issued a BASIC Lawyers Professional Liability Policy of Insurance to Kirk D. Miller, P.S., policy number ALPS24677-2 (hereinafter the "Miller Policy"). The Miller Policy was in effect from June 1, 2021, to June 1, 2022. Ex. 2 to Smith Decl.

4.  On or about October 29, 2019, Isaac Gordon (Gordon) filed suit against Robinhood Financial LLC (Robinhood) alleging that Robinhood transmitted or assisted in the transmission of unsolicited text messages to Gordon in violation of the Washington Commercial Electronic Mail Act ("CEMA") and the Washington Consumer Protection Act ("CPA"). Ex. 3 to Smith Decl., p. 2.

5.  Gordon was represented by Brian Cameron and Shayne Sutherland of Cameron Sutherland PLLC and Kirk Miller of Kirk D. Miller P.S (hereinafter referred to as "Defendants"). Ex. 3. To Smith Decl. p., 2.

6.      On November 13, 2019, Robinhood removed the action to Federal Court. Ex. 3. To Smith Decl. p., 2.

7.      On December 10, 2019, Gordon filed an amended complaint in which he alleged that in July 2019 he received unsolicited commercial electronic text messages promoting Robinhood's brand and services. Gordon further alleged that he did not consent to the text messages. Ex. 3. To Smith Decl. p., 2.

8.      On November 23, 2020, Gordon filed a motion for class certification. Ex. 3. To Smith Decl. p., 3.

9.      On January 25, 2021, the Court granted the Class Certification and appointed Gordon as class representative.

10.     On April 29, 2021, Gordon served his first discovery responses to Robinhood. Ex. 3. to Smith Dec.l p., 3.

11.     In his discovery responses, Gordon claimed that on July 23, 2019, he had received a text message from the phone number 509-990-2672 and that he did not have a relationship with the sender and that he did not provide the sender with his phone number. Ex. 3. to Smith Decl. p., 3.

12.     In those same responses, Gordon included a screenshot of the text message which included a "nathanb4727" referral code. Ex. 3. to Smith Decl. p., 3.

13.     Gordon further claimed in his discovery response that he received an additional text message from the phone number 406-202-3711. Gordon also

provided a screenshot of the text message with the referral code "johnc2246." Gordon claimed that he was uncertain if he provided the sender with his number. Ex. 3. to Smith Decl. p., 3.

14.     After receiving Gordon's discovery responses, Robinhood immediately began to investigate the 509-990-2672 and the "nathanb4727" referral code. Robinhood was able to determine that the text came from Nathan Budke. Ex. 3. to Smith Decl. p., 3.

15.     It was later determined that Mr. Budke was a friend of Gordon's class counsel, Brian Cameron's, son. It was also determined that Mr. Budke was a client of Brian Cameron and Kirk D. Miller in three separate CEMA lawsuits. Ex. 3. to Smith Decl. p., 3-4.

16.     Robinhood also investigated texts received by Gordon dated July 24, 2019 from the 406-202-3711 phone number and referral code "johnc2246.". Ex. 3. to Smith Decl. p., 4.

17.     Brian Cameron subsequently admitted that the text was from his brother, John. Ex. 3. to Smith Decl., p.4.

18.     On June 25, 2021, Robinhood filed a motion to decertify the class and disqualify the class counsel arguing that plaintiff's counsel, Brian Cameron, organized through family friends, the referral text messages to be sent. Ex. 3. to Smith Decl., p. 6.

19. On July 27, 2021, the District Court granted in part Robinhood's motion, decertifying the class and remanding to State Court. Ex. 4. to Smith Decl. In its Order, the Court noted "serious issues have been raised as to consent and the role that class-counsel and his brother played in initiating the transmittal of the text message that forms the bases of Plaintiff's suit. Further, the stripping of the surrounding text messages and deceptive answers to discovery provide additional grounds to disqualify plaintiff as class representative."

20. A subsequent motion for reconsideration was filed. In its decision on the Motion for Reconsideration, the District Court held that the decision to remand was not in error because "Such fraudulent activities that the Court expressed concern over […], makes the initiation of this action frivolous from the start." Ex. 5. to Smith Decl., p. 7.

21. On October 8, 2021 the Superior Court of Spokane County entered an order dismissing the case with prejudice and ordered that "dismissal without prejudice would be pointless and futile because Plaintiff's claim is frivolous" and that "dismissal with prejudice is warranted as a sanction due to Plaintiff's frivolous claim and litigation misconduct." Ex. 3. to Smith Decl., p. 7.

22. On October 18, 2021, Robinhood filed a motion seeking sanctions against Cameron Sutherland, PLLC, Kirk D. Miller, P.S., Brian Cameron individually and Kirk Miller individually for its fees expended in defending against

Gordon's frivolous claim. Ex. 3. to Smith Decl., Decl.

23. On March 10, 2022, the Spokane County Superior Court issued an Order on Robinhood Motion for Attorney's Fees. In the Order, the Superior Court held as follows:

> Based on the uncontested evidence in the record, the federal court determined that Mr. Gordon's case was "frivolous from the start." The Plaintiffs requested clarification as to whether the federal court's reference as such was dicta, Judge Rice unequivocally removed any doubt that it was *not* dicta.
>
> […]
>
> Mr. Gordon and his counsel had been on notice that Robinhood intended to seek sanctions for a frivolous claim. The initial complaint, the amended complaint, the motion for class certification and supporting declaration claimed that Mr. Gordon received an "unsolicited" text message that he "did not consent" and that he did not know where it came from. As ultimately learned in discovery, these statements are not true. Given the close relationships of the people involved in this case and others, it is difficult to believe those involved did not know that the statements were untrue. In any event, a reasonable inquiry should have disclosed the untrue statements. Sanctions are also warranted under either CR 11 or CR 26(g) for the inaccurate and misleading discovery responses.
>
> Robinhood is entitled to an award of attorney fees and statutory costs. […]

Ex 6 to Smith Decl.

24. On July 14, 2022, The Spokane County Superior Court entered an order granting Robinhood's Motion for Sanctions. Ex. 7 to Smith Decl.

25. In its order, the Court held that "The federal court's finding that this case frivolous from the start is sufficient, standing alone, to warrant CR 11 sanctions." Ex. 7 p 9.

26. The order also included several findings of facts showing that Gordon and Defendants signed their names to numerous filing that violate CR 11. Of note, the Superior Court held:

> ix. Brian Cameron and Kirk miller also represented Plaintiff Isaac Gordon in *Gordon v. Mod Super Fast Pizza, LLC,* Spokane Cnty. Sup. Ct. Case no. 20-2-00148-32 (filed Jan 14, 2020), a putative class action involving a refer-a-friend text message that was allegedly sent nine minutes before the John Cameron Robinhood text. […]Plaintiff alleged that he received a text message from a user who registered the name "Tom Ripley" and the email address 19jkc77@gmail.com. … This email address includes the initials for John Kenneth Cameron and his birth year, 1977, suggesting that John Cameron also sent Plaintiff the MOD referral text message… After MOD brought this connection to Brian Cameron's attention, Plaintiff voluntarily dismissed his case.
>
> […]
>
> 9.i. Plaintiff's Complaint and Amended Compliant contained statements that were not well-grounded in fact or warranted by existing law, including several false statements that text message Plaintiff received was "unsolicited" and that he "did not consent" to receive it.
> […]
>
> 9.v. After Plaintiff's claim-manufacturing came to light, Plaintiff's counsel Brian Cameron signed and filed a declaration that included demonstratable falsehoods,

including that, to the best of his knowledge, Plaintiff "was uncertain as to the identity of the sender of the [same] test message at issues when he responded to the Defendant's discovery requests"

10. CR 11 sanctions are further warranted because any reasonable inquiry would have involved, at a minimum, reviewing texts between Plaintiff and the sender. Those texts reveal that Plaintiff knew the sender, engaged in friendly text message exchanges both before and after the Robinhood referral text message on which Plaintiff moored his Complaint, and an online search for the sender's phone number shows that it belonged to John Cameron, Plaintiff's counsel's brother. Counsel's failure to conduct minimal factual investigation is sufficient to impose CR 11 sanctions.

11. Further, CR 11 sanctions are necessary to deter Plaintiff and his counsel from fabricating claims in the future. In addition to Plaintiff's counsel's misconduct in the case and in *Gordon v. Mod Pizza*, discussed above, Plaintiff's counsel Brian Cameron, Kirk Miller, and their law firms have initiated several other CEMA based punitive class actions, where plaintiffs claim to have received unsolicited commercial electronic text messages that appear similarly suspect. Several of those cases were on behalf of plaintiffs alleging that they received loyalty program text messages after visiting multiple cannabis stores on the same day […] The plaintiff in one of these cases testified at his deposition that Brian Cameron drove him from one store to the next. […] After the misconduct of Brian Cameron and Kirk Miller came to light in these cases, Brian Cameron and/or Kirk Miller declined to file the previously served complaints, […], or voluntarily dismissed the cases without prejudice, […]. This is the same tactic Plaintiff and his counsel employed in this case.

Ex. 7. Internal citations omitted

27. In addition, the Order entered sanctions against Defendants:

> […] Further, the Court SANCTIONS Plaintiff; Brian Cameron individually; Cameron Sutherland, PLLC; Kirk Muller individually; and Kirk Miller, P.S., pursuant to CR 11, in the amount of Robinhood's reasonable attorneys' fees expanded in defending this case from inception.

Ex. 7

28. On May 17, 2021, Cameron Sutherland submitted a Notice of New Claim or Potential Claim to ALPS regarding the Robinhood litigation. Ex. 8 to Smith Decl.

29. ALPS issued a PREFERRED Lawyers Professional Liability Policy of Insurance to Cameron Sutherland, policy number ALPS22052-3. The Cameron Sutherland Policy was in effect from August 30, 2020, to August 30, 2021. The Cameron Policy provides a $100,000 each claim limit and a $300,000 aggregate limit Ex .1

30. The Cameron Sutherland Policy contains the following Insuring Agreement:

> SECTION 1 – INSURING AGREEMENTS
>
> A. COVERAGE
>
> Subject to the **Limit of Liability**, exclusions, conditions and other terms of this **Policy**, the **Company** agrees to pay on behalf of the **Insured** all sums (in excess of the **Deductible** amount) that the **Insured** becomes legally obligated to pay as **Damages**, arising from or in

connection with A **CLAIM** FIRST MADE AGAINST THE **INSURED** AND FIRST REPORTED IN WRITING TO THE **COMPANY** DURING THE **POLICY PERIOD**, provided that all of the following conditions are satisfied:

1. The **Claim** arises from a **Wrongful Act** that occurred on or after the **Retroactive Coverage Date** set forth in Item 2 of the **Declarations**;

[…]

Ex. 1. ALPS-LPL-PREFERRED (01-18) p. 2.

31. The Cameron Sutherland Policy contains the following Definitions pertinent to the above-described Insuring Agreement:

C. **Claim** means a demand for money or services including, but not necessarily limited to, the service of suit or institution of arbitration or alternative dispute resolution proceedings against the **Insured.**

**[…]**

G. **Damages** means any:

1. Monetary award by way of judgment or final arbitration, or any settlement; and

…

**Damages** does *not* mean *nor* include any:

3. Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom, regardless against whom the same are levied or imposed and regardless of whether the same were levied or imposed in a separate matter or proceeding;

>     […]
>
>     Y. **Professional Services** means services or activities performed for and on behalf of the **Named Insured** or a **Predecessor Law Firm** and rendered solely to others as:
>     1. An **Attorney** in an attorney-client relationship on behalf of one or more clients applying the Attorney's specialized education, knowledge, skill, labor, experience and/or training, including pro bono services;
>     […]
>
>     BB. **Wrongful Act** means an actual or alleged:
>
>     1. Act, error or omission in **Professional Services** that were or should have been rendered by the **Insured**; and
>     2. …

Ex. 1. ALPS-LPL-PREFERRED (01-18) p 3-8.

   32.   The Cameron Sutherland Policy contains the following fraudulent act exclusion:

>     SECTION 3 – EXCLUSIONS
>
>     THIS **POLICY** DOES NOT APPLY TO ANY **CLAIM** ARISING FROM OR IN CONNECTION WITH:
>
>     A. Any dishonest, fraudulent, criminal, malicious, or intentionally harmful wrongful or harmful act, error or omission committed by, at the direction of, or with the consent of an **Insured** […]
>
>     […]

Ex. 1. ALPS-LPL-PREFERRED (01-18) p. 8.

33. On October 26, 2021, Kirk D. Miller P.S. submitted a Notice of New Claim or Potential Claim to ALPS on the basis of the allegations in the Robinhood Motion for Attorney's Fees. Ex. 9 to Smith Decl.

34. ALPS issued a BASIC Lawyers Professional Liability Policy of Insurance to Kirk D. Miller, P.S., policy number ALPS24677-2. The Miller Policy was in effect from June 1, 2021, to June 1, 2022. The Miller Policy provides a $500,000 each claim limit and a $500,000 aggregate limit. Ex. 2.

35. The Miller Policy contains the following Insuring Agreement:

SECTION 1 – INSURING AGREEMENTS

A. COVERAGE

Subject to the **Limit of Liability**, exclusions, conditions and other terms of this **Policy**, the **Company** agrees to pay on behalf of the **Insured** all sums (in excess of the Deductible amount) that the **Insured** becomes legally obligated to pay as **Damages**, arising from or in connection with A **CLAIM** FIRST MADE AGAINST THE **INSURED** AND FIRST REPORTED IN WRITING TO THE **COMPANY** DURING THE **POLICY PERIOD**, provided that all of the following conditions are satisfied:

1. The **Claim** arises from a **Wrongful Act** that occurred on or after the **Retroactive Coverage Date** set forth in Item 2 of the **Declarations**;
[…]

Ex. 2. ALPS-LPL-BASIC (01-21) p. 2.

36. The Miller Policy contains the following Definitions pertinent to the above-described Insuring Agreement:

    C.    **Claim** means a demand for money or services including, but not necessarily limited to, the service of suit or institution of arbitration or alternative dispute resolution proceedings against the **Insured.**
…

    G.    **Damages** means any:

        1.    Monetary award by way of judgment or final arbitration, or any settlement; and
        …

    **Damages** does <u>not</u> mean <u>nor</u> include any:
. . .

        3.    Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom, regardless against whom the same are levied or imposed and regardless of whether the same were levied or imposed in a separate matter or proceeding;

    X.    **Professional Services** means services or activities performed for and on behalf of the **Named Insured** or a **Predecessor Law Firm** and rendered solely to others as:
        1.    An **Attorney** in an attorney-client relationship on behalf of one or more clients applying the **Attorney**'s specialized education, knowledge, skill, labor,

experience and/or training, including pro bono services;

[…]

Z. **Wrongful Act** means an actual or alleged:

1. Act, error, or omission by the **Insured** in the performance of **Professional Services**; and

[…]

Ex. 2. ALPS-LPL-BASIC (01-21) p. 3-8.

37. The Miller Policy contains the following Dishonest and Fraudulent Act exclusion:

SECTION 3 – EXCLUSIONS

THIS **POLICY** DOES NOT APPLY TO ANY **CLAIM** ARISING FROM OR IN CONNECTION WITH:

A. Any dishonest, fraudulent, criminal, malicious, or intentionally harmful **Wrongful Act** committed by, at the direction of, or with the consent of an **Insured**;

Ex. 2. ALPS-LPL-BASIC (01-21) p. 8

DATED this 4th day of August 2022.

LETHER LAW GROUP

*s/ Eric Neal*
Eric J. Neal, WSBA #31863
N. Chance Laboda, WSBA #54273
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
claboda@letherlaw.com
eneal@letherlaw.com
*Attorneys for ALPS Property & Casualty Insurance Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the following party(ies):

Kirk D. Miller
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
kmiller@millerlawspokane.com
tbracken@cameronsutherland.com

Ryan M. Best
Michael Merkelbach,
Best Law, PLLC
905 W. Riverside Ave, Suite 409
Spokane, WA 99201
ryan.best@bestlawspokane.com
mike.m@bestlawspokane.com

Grant Wolf
Wolf Legal Group
400 S. JEFFERSON ST. SUITE 109
SPOKANE, WASHINGTON 99204
grant@law-lynxnetwork.com

**By:**     [ ] First Class Mail     [X] ECF/Email

DATED this 4th day of August 2022 at Seattle, Washington.

　　　　　　　　　　　　　　　　*s/ Judy Tustison*
　　　　　　　　　　　　　　　　Judy Tustison | Paralegal