UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY, a foreign insurer.,<br><br>Plaintiff,<br><br>v.<br><br>KIRK D. MILLER, an individual, KIRK D. MILLER, P.S., a Washington Professional Service corporation, BRIAN CAMERON, an individual, SHAYNE SUTHERLAND, an individual, and CAMERON SUTHERLAND PLLC, a Washington Professional Limited Liability Company,<br><br>Defendants. | CASE NO. 2:22-CV-0064-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Partial Summary Judgment (ECF No. 19). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

informed.  For the reasons discussed below, the Motion for Partial Summary Judgment (ECF No. 19) is denied.

## BACKGROUND

This case concerns a legal malpractice insurance dispute.  ECF No. 1.  On April 7, 2022, Plaintiff ALPS filed the present complaint seeking declaratory relief regarding its duty to defend and indemnify Defendants, including Shayne Sutherland individually under the policy issued to the law firm Cameron Sutherland.  *Id.*  Mr. Sutherland filed counterclaims for declaratory relief, breach of contract, and breach of the duty of good faith and fair dealing.  ECF No. 7.

On June 28, 2022, Defendants filed the present motion.  ECF No. 19.  The parties filed their respective response and reply.  ECF Nos. 25, 33.  Except where noted, the following facts are not in dispute.

ALPS issued a Lawyers Professional Liability Policy of Insurance to law firm Cameron Sutherland LLC, which was in effect form August 30, 2020 to August 30, 2021.  ECF No. 27 at 2, ¶ 5.  Cameron Sutherland, a limited liability corporation, consists of attorneys Brian Cameron and Shayne Sutherland.  ECF No. 27 at 2-3, ¶¶ 4, 9.  The policy lists Mr. Cameron and Mr. Sutherland as the named insureds under the policy.  ECF No. 27 at 4, ¶ 10.

On or about October 29, 2019, Isaac Gordon filed a putative class-action against Robinhood Financial, LLC.  ECF No. 27 at 2-3, ¶ 6.  Mr. Cameron and Mr.

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

1  Sutherland of Cameron Sutherland and Kirk Miller of Kirk D. Miller P.S.
2  represented Mr. Gordon.  ECF No. 27 at 2-3, ¶ 7.  Defendants dispute this
3  representation to the extent it "implies that Gordon somehow restricted his
4  representation" to Mr. Cameron, Mr. Sutherland, and Mr. Miller.  ECF No. 34 at
5  17, ¶ 7.

6  On October 18, 2021, Robinhood filed a Motion for Attorney's Fees based
7  in part on "Plaintiff's and his counsel's false and misleading Complaint", "Plaintiff
8  and his counsel manufactured Plaintiff's claim", and "Plaintiff and his counsel
9  have signed their names to numerous filings that violate CR 11."  ECF No. 27 at 4,
10 ¶ 14.  Defendants dispute that this language "attributes any sanctionable conduct"
11 to Mr. Sutherland.  ECF No. 34 at 23, ¶ 14.  This motion sought fees and sanctions
12 against Mr. Miller, Mr. Cameron, Kirk D. Miller, P.S., and Cameron Sutherland –
13 but not Mr. Sutherland individually.  ECF No. 20 at 2-3, ¶ 5.

14 On October 28, 2021, Cameron Sutherland submitted a Notice of New
15 Claim or Potential Claim to ALPS based on the allegations in Robinhood's Motion
16 for Attorney's Fees.  ECF No. 20 at 3, ¶ 7.

17 On April 7, 2022, ALPS filed its Complaint, which included naming Mr.
18 Sutherland individually.  ECF No. 20 at 2, ¶¶ 1-2.  The Complaint cites to
19 Robinhood's Motion in the underlying lawsuit as the basis for declaratory relief.
20 *Id.*, ¶ 3.  The Complaint seeks "determination as to its defense and indemnity

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 3

1 obligations to … Brian Cameron, Shayne Sutherland, and Cameron Sutherland

2 PLLC under the Cameron Sutherland Policy." ECF No. 27 at 5, ¶ 17.

3       On May 25, 2022, Mr. Sutherland submitted an Insurance Fair Conduct Act

4 Claim Notification ("IFCA") against ALPS. ECF No. 27 at 5, ¶ 18.

5 **DISCUSSION**

6   **I.  Summary Judgment Standard**

7       The Court may grant summary judgment in favor of a moving party who

8 demonstrates "that there is no genuine dispute as to any material fact and that the

9 movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling

10 on a motion for summary judgment, the court must only consider admissible

11 evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The

12 party moving for summary judgment bears the initial burden of showing the

13 absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

14 317, 323 (1986). The burden then shifts to the non-moving party to identify

15 specific facts showing there is a genuine issue of material fact. *See Anderson v.*

16 *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

17 of evidence in support of the plaintiff's position will be insufficient; there must be

18 evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

19       For purposes of summary judgment, a fact is "material" if it might affect the

20 outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 4

"genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**II. Insurance Bad Faith**

Defendants move for summary judgment on Mr. Sutherland's breach of good faith and fair dealing counterclaim. ECF No. 19.

In Washington, a party may bring a bad faith claim against their insurer based on the "quasi-fiduciary" duty owed to them as an insured. *Cedell v. Farmers*, 176 Wash.2d 686, 698 (2013). Good faith requires an insurer to deal fairly with insureds, "giving equal consideration *in all matters* to the insured's interests." *Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.*, 161 Wash.2d 903, 915 n.9 (2007) (internal citation omitted). To prove a bad faith claim, "the policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 150 Wash.2d 478, 484 (2003). Whether an insurer acted in bad faith is a question of fact. *Id.*

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

Mr. Sutherland argues that ALPS breached its quasi-fiduciary duty to him by suing him, citing "potentially dishonest, fraudulent, criminal, malicious, or intentionally harmful wrongful acts" when there are no sanction pending against Mr. Sutherland individually. ECF No. 19 at 6-9. ALPS argues Mr. Sutherland was properly named in the Complaint for declaratory relief, as Mr. Sutherland (1) is an interested party as an insured for purposes of the Declaratory Judgment Act, (2) is implicated in the motion seeking fees for "Plaintiff's counsel's" misconduct, and (3) submitted an IFCA Notification. ECF No. 25 at 3-6.

Under these disputed circumstances, there are material questions of fact as to whether ALPS's conduct was unreasonable, frivolous, or unfounded in naming Mr. Sutherland individually in this lawsuit. *Smith*, 150 Wash.2d at 484. Therefore, summary judgment on Mr. Sutherland's counterclaim is not appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion for Partial Summary Judgment (ECF No. 19) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED August 17, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6