UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>KIRK D. MILLER, an individual, KIRK D. MILLER, P.S., a Washington Professional Service corporation, BRIAN CAMERON, an individual, SHAYNE SUTHERLAND, an individual, and CAMERON SUTHERLAND PLLC, a Washington Professional Limited Liability Company,<br><br>Defendants. | CASE NO. 2:22-CV-0064-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT are Defendants' Motion for Partial Summary Judgment Regarding Duty to Defend (ECF No. 29) and Plaintiff's Motion for Partial Summary Judgment (ECF No. 41). Plaintiff's Motion was submitted for consideration with oral argument on September 27, 2022. Nicholas C. Laboda and

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

Bradley E. Smith appeared on behalf of Plaintiff/Counter-Defendant. Ryan Best, Kirk D. Miller, and Michael R. Merkelbach appeared on behalf of Defendants/Counter-Plaintiffs. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion for Partial Summary Judgment Regarding Duty to Defend (ECF No. 29) is **denied** and Plaintiff's Motion for Partial Summary Judgment (ECF No. 41) is **granted**.

## BACKGROUND

This case concerns a legal malpractice insurance dispute. ECF No. 1. On April 7, 2022, Plaintiff ALPS filed the present complaint seeking declaratory relief regarding insurance coverage. *Id.* Defendants filed counterclaims for cross-declaratory relief, breach of contract, promissory estoppel, and the breach of duty of good faith and fair dealing. ECF No. 7.

The parties filed motions for partial summary judgment regarding insurance coverage and Plaintiff's alleged duty to defend. ECF Nos. 29, 41. The parties filed their respective response and reply to each motion. ECF Nos. 44, 47, 49, 56. Except where noted, the following facts are not in dispute.[1]

---

[1] The Court notes Defendants consistently object to Plaintiff's facts but oftentimes rely on the same facts in support of their own motion. *See, e.g.*, ECF Nos. 30 at 2, ¶ 3, 43 at 2, ¶ 4. The Court therefore considers them undisputed.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

Kirk. D. Miller P.S. and Cameron Sutherland PLLC are law firms located in Spokane, Washington. ECF No. 43 at 2, ¶ 1. Plaintiff ALPS issued a PREFERRED Lawyers Professional Liability Policy of Insurance to Cameron Sutherland PLLC, policy number ALPS22052-3 that was in effect from August 30, 2020 to August 30, 2021. *Id.*, ¶ 2. The Cameron Policy provides a $100,000 each claim limit and a $300,000 aggregate limit. *Id.* at 9, ¶ 29. As relevant here, the Cameron Sutherland Policy contains the following provisions:

### SECTION 1 – INSURING AGREEMENTS

### A. COVERAGE

Subject to the Limit of Liability, exclusions, conditions and other terms of this Policy, the Company agrees to pay on behalf of the Insured all sums (in excess of the Deductible amount) that the Insured becomes legally obligated to pay as Damages, arising from or in connection with a CLAIM FIRST MADE AGAINST THE INSURED AND FIRST REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD, provided that all of the following conditions are satisfied:

1. The Claim arises from a Wrongful Act that occurred on or after the Retroactive Cover Date set forth in Item 2 of the Declarations

### SECTION 2 – DEFINITIONS

B. Claim means a demand for money or services including, but not necessarily limited to, the service of suit or institution of arbitration or alternative dispute resolution proceedings against the Insured.

*\*\*\**

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

G. Damages means any:

1. Monetary award by way of judgment or final arbitration, or any settlement; and …

Damage does *not* mean *nor* include any:

3. Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom, regardless against whom the same are levied or imposed and regardless of whether the same were levied or imposed in a separate matter or proceeding;

***

Y. Professional Services means services or activities performed for and on behalf of the Named Insured or a Predecessor Law Firm and rendered solely to others as:

1. An Attorney in an attorney-client relationship on behalf of one or more clients applying the Attorney's specialized education, knowledge, skill, labor, experience, and/or training, including pro bono services

***

BB. Wrongful Act means an actual or alleged:

1. Act, error or omission in Professional Services that were or should have been rendered by the Insured;

## SECTION 3 – EXCLUSIONS

THIS POLICY DOES NOT APPLY TO ANY CLAIM ARISING FROM OR IN CONNECTION WITH:

A. Any dishonest, fraudulent, criminal, malicious, or intentionally harmful wrongful or harmful act, error or omission committed by, at the direction of, or with the consent of an Insured.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

*Id.* at 9-11, ¶ 30.

ALPS issued a BASIC Lawyers Professional Liability Policy of Insurance to Kirk D. Miller, P.S., policy number ALPS24677-2 that was in effect from June 1, 2021 to June 1, 2022. *Id.*, ¶ 3. The Miller policy provides a $500,000 each claim limit and a $500,000 aggregate limit. *Id.* at 9, ¶ 29. As relevant here, the Miller Policy contains the following provisions:

### SECTION 1 – INSURING AGREEMENTS

**A. COVERAGE**

Subject to the Limit of Liability, exclusions, conditions and other terms of this Policy, the Company agrees to pay on behalf of the Insured all sums (in excess of the Deductible amount) that the Insured becomes legally obligated to pay as Damages, arising from or in connection with a CLAIM FIRST MADE AGAINST THE INSURED AND FIRST REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD, provided that all of the following conditions are satisfied:

1. The Claim arises from a Wrongful Act that occurred on or after the Retroactive Cover Date set forth in Item 2 of the Declarations

### SECTION 2 – DEFINITIONS

C. Claim means a demand for money or services including, but not necessarily limited to, the service of suit or institution of arbitration or alternative dispute resolution proceedings against the Insured.

*** 

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

G.  Damages means any:

2. Monetary award by way of judgment or final arbitration, or any settlement; and …

Damage does *not* mean *nor* include any:

3. Punitive, multiple, or exemplary damages, fines, sanctions, penalties or citations, including, without limitation, any consequential or incidental damages, attorney's fees or costs, or pre-judgment or post-judgment interest resulting therefrom, regardless against whom the same are levied or imposed and regardless of whether the same were levied or imposed in a separate matter or proceeding;

\*\*\*

Y. Professional Services means services or activities performed for and on behalf of the Named Insured or a Predecessor Law Firm and rendered solely to others as:

2. An Attorney in an attorney-client relationship on behalf of one or more clients applying the Attorney's specialized education, knowledge, skill, labor, experience, and/or training, including pro bono services

\*\*\*

BB. Wrongful Act means an actual or alleged:

1. Act, error or omission by the Insured in the performance of Professional Services;

### SECTION 3 – EXCLUSIONS

THIS POLICY DOES NOT APPLY TO ANY CLAIM ARISING FROM OR IN CONNECTION WITH:

B. Any dishonest, fraudulent, criminal, malicious, or intentionally harmful Wrongful Act committed by, at the direction of, or with the consent of an Insured.

*Id.* at 12-14, ¶ 35.

On or about October 29, 2019, Isaac Gordon filed a putative class action against Robinhood Financial LLC in Washington Superior Court alleging Robinhood had transmitted or assisted in the transmission of unsolicited text messages to Gordon in violation of Washington's Commercial Electronic Mail Act and Consumer Protection Act. *Id.*, ¶ 4. Mr. Gordon was represented by Brian Cameron and Shayne Sutherland of Cameron Sutherland PLLC and Kirk Miller of Kirk D. Miller. P.S. *Id.*, ¶ 5. Defendants dispute that this was Mr. Gordon's only representation as E. Michelle Drake and Sophia M. Rios of Berger Montague PC also represented Mr. Gordon from February 24, 2021 to July 27, 2021. ECF No. 50 at 9-10, ¶ 5.

On November 13, 2019, Robinhood removed the action to this Court. ECF No. 43 at 3, ¶ 6. On December 10, 2019, Mr. Gordon filed an amended complaint in which he alleged that in July 2019 he received unsolicited commercial electronic text messages promoting Robinhood's brand and services and that he did not consent to the text messages. *Id.*, ¶ 7

On January 25, 2021, the Court granted Mr. Gordon's motion for class certification and appointed Mr. Gordon as class representative. *Id.*, ¶ 9.

On April 29, 2021, Mr. Gordon served his first discovery responses to Robinhood. *Id.*, ¶ 10. First, Mr. Gordon claimed on July 23, 2019, he received a

text message from the phone number 509-990-2672, he did not have a relationship with the sender, and he did not provide the sender with his phone number. *Id.*, ¶ 11. Second, Mr. Gordon provided a screenshot of a text message which included a "nathanb4727" referral code. *Id.*, ¶ 12. Third, Mr. Gordon claimed he received an additional text message from the phone number 406-202-3711 with a screenshot of the text message with the referral code "johnc2246" and that he was uncertain if he provided the sender with his number. *Id.* at 3-4, ¶ 13. Upon receipt of this discovery, Robinhood learned that the 509-990-2672 phone number with the "nathanb4727" referral code belonged to Nathan Budke. *Id.* at 4, ¶ 14. It was determined that Mr. Budke was a friend of class counsel Mr. Cameron's son. *Id.*, ¶ 15. Robinhood learned that the 406-202-3711 phone number with the "johnc2246" referral code belonged to class counsel Mr. Cameron's brother, John Cameron. *Id.*, ¶¶ 16, 17.

On May 17, 2021, Cameron Sutherland submitted a Notice of New Claim or Potential Claim to ALP regarding the Robinhood litigation. *Id.* at 9, ¶ 28.

On June 25, 2021, Robinhood filed a motion to decertify the class and disqualify class counsel, arguing Plaintiff's counsel, Mr. Cameron, organized through his family and family friends, the referral of text messages. *Id.*, ¶ 18. Defendants assert that this is "factually disputed" by the Declaration of Brian Cameron. ECF No. 50 at 25, ¶ 18.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

On July 26, 2201, ALPS responded to an email from Mr. Miller that stated hypothetically, ALPS would likely have a duty to defend until a coverage determination was made – this email was not related to the conduct at issue in this case.  ECF Nos. 30 at 6, ¶ 19; 45-1 (email).

On July 27, 2021, the Court granted in part Robinhood's motion, decertifying the class and remanding the action to state court.  ECF No. 43 at 5, ¶ 19.  The Court stated "serious issues have been raised as to consent and the role that class-counsel and his brother played in initiating the transmittal of the text message that forms the bases of Plaintiff's suit.  Further, the stripping of the surrounding text messages and deceptive answers to discovery provide additional grounds to disqualify plaintiff as class representative." *Id.*  In denying Plaintiffs' motion for reconsideration, the Court held: "Such fraudulent activities that the Court expressed concern over … makes the initiation of this action frivolous from the start." *Id.*, ¶ 20.

On October 8, 2021, the Spokane County Superior Court dismissed the case with prejudice, stating that "dismissal without prejudice would be pointless and futile because Plaintiff's claim is frivolous" and that "dismissal with prejudice is warranted as a sanction due to Plaintiff's frivolous claim and litigation misconduct." *Id.*, ¶ 21.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

On October 18, 2021, Robinhood filed a motion seeking sanctions against Cameron Sutherland, PLLC, Kirk D. Miller, P.S., Brian Cameron individually, and Kirk Miller individually for Robinhood's fees expended in defending against Mr. Gordon's frivolous claim. *Id.* at 5-6, ¶ 22.

On October 26, 2021, Kirk D. Miller P.S. submitted a Notice of New Claim or Potential Claim to ALPS on the basis of the allegations in Robinhood's motion for attorney's fees. *Id.* at 12, ¶ 33.

In November 2021, ALPS determined the there was no coverage under either policy due to the definition of "damages" excluding sanctions and attorney fees. ECF No. 30 at 3-4, ¶¶ 9, 12.

On March 10, 2022, the Spokane County Superior Court issued an order on Robinhood's motion for attorney's fees:

> Based on the uncontested evidence in the record, the federal court determined that Mr. Gordon's case was "frivolous from the start." The Plaintiffs requested clarification as to whether the federal court's reference as such was dicta, Judge Rice unequivocally removed any doubt that it was *not* dicta.
>
> ***
>
> Mr. Gordon and his counsel had been on notice that Robinhood intended to seek sanctions for a frivolous claim. The initial complaint, the amended complaint, the motion for class certification and supporting declaration claimed that Mr. Gordon received an "unsolicited" text message that he "did not consent" and that he did not know where it came from. As ultimately learned in discovery, these statements are not true. Given the close relationships of the people involved in this case and others, it is difficult to believe those involved did not know that the statements were untrue. In any event,

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

a reasonable inquiry should have disclosed the untrue statements. Sanctions are also warranted under either CR 11 or CR 26(g) for the inaccurate and misleading discovery responses.

***

Robinhood is entitled to an award of attorney fees and statutory costs. ECF No. 43 at 5, ¶ 23.

Defendants disagree with the Superior Court's findings, but Defendants do not dispute the Superior Court in fact made these findings. ECF No. 50 at 32-33, ¶ 23.

On July 14, 2022, the Superior Court entered an order granting Robinhood's motion for sanctions, holding that the "federal court's finding that this case was frivolous from the start is sufficient, standing alone, to warrant CR 11 sanctions." ECF No. 43 at 6-7, ¶¶ 24, 25. The Superior Court's order included the following findings of fact showing Mr. Gordon and Defendants signed their names to numerous filings that violate CR 11:

> Brian Cameron and Kirk Miller also represented Plaintiff Isaac Gordon in *Gordon v. Mod Super Fast Pizza, LLC*, Spokane Cnty. Sup. Ct. Case No. 20-2-00148-32 (filed Jan. 14, 2020), a putative class action involving a refer-a-friend text message that was allegedly sent nine minutes before the John Cameron Robinhood text …. Plaintiff alleged that he received a text message from a user who registered the name "Tom Ripley" and the email address 19jkc77@gmail.com.... This email address includes the initials for John Kenneth Cameron and his birth year, 1977, suggesting that John Cameron also sent Plaintiff the MOD referral text message … After MOD brought this connection to Brian Cameron's attention, Plaintiff voluntarily dismissed his case.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11

\*\*\*

Plaintiff's Complaint and Amended Complaint contained statement that were not well-grounded in fact or warranted by existing law, including several false statements that the text message Plaintiff received was "unsolicited" and that he "did not consent" to receive it.

\*\*\*

After Plaintiff's claim-manufacturing came to light, Plaintiff's counsel Brian Cameron signed and filed a declaration that included demonstratable falsehoods, including that, to the best of his knowledge, Plaintiff "was uncertain as to the identity of the sender of the [same] text messages at issue when he responded to the Defendant's discovery requests."

\*\*\*

CR 11 sanctions are further warranted because any reasonable inquiry would have involved, at a minimum, reviewing texts between Plaintiff and the sender.  Those texts reveal that Plaintiff knew the sender, engaged in friendly text message exchanges both before and after the Robinhood referral text message on which Plaintiff moored his Complaint, and an online search for the sender's phone number shows that it belonged to John Cameron, Plaintiff's counsel's brother. Counsel's failure to conduct minimal factual investigation is sufficient to impose CR 11 sanctions.

\*\*\*

Further, CR 11 sanctions are necessary to deter Plaintiff and his counsel from fabricating claims in the future.  In addition to Plaintiff's counsel's misconduct in the case and in *Gordon v. Mod Pizza*, discussed above, Plaintiff's counsel Brian Cameron, Kirk Miller, and their law firms have initiated several other CEMA based punitive class actions, where plaintiffs claim to have received unsolicited commercial electronic text messages that appear similarly suspect. Several of those cases were on behalf of plaintiffs alleging that they received loyalty program text messages after visiting multiple cannabis stores on the same day … The plaintiff in one of these cases

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 12

   testified at his deposition that Brian Cameron drove him from one store to the next …. After the misconduct of Brian Cameron and Kirk Miller came to light in these cases, Brian Cameron and/or Kirk Miller declined to file the previously served complaints … or voluntarily dismissed the cases without prejudice… This is the same tactic Plaintiff and his counsel employed in this case.

*Id.* at 7-8, ¶ 26.

  Defendants disagree with the truth of these findings but do not dispute that the Superior Court in fact made these findings. ECF No. 50 at 37-38, ¶ 26.

  The Superior Court entered sanctions against Mr. Gordon, Mr. Cameron, individually, Cameron Sutherland, PLLC, Mr. Miller, individually, and Kirk Miller, P.S. pursuant to CR 11 in the amount of Robinhood's reasonable attorneys' fees expended in defending the action. ECF No. 43 at 9, ¶ 27.

## DISCUSSION

### I. Summary Judgment Standard

  The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 13

317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**II. Judicial Notice**

As a threshold matter, Defendants repeatedly assert that the pleadings in the underlying action are hearsay that this Court may not consider on summary judgment. *See* ECF Nos. 49, 50.

The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

Here, the Court takes judicial notice of the related public federal and state court records in the underlying litigation. To the extent Defendants dispute the factual findings and legal conclusions contained therein, the Court does not rely on them for the truth of the matter asserted. Therefore, the documents do not constitute hearsay. Fed. R. Evid. 801.

### III. Insurance Coverage

Plaintiff moves for summary judgment on its declaratory judgment claim regarding whether Defendants' claims are covered by the respective insurance policies issued to Defendants by Plaintiff. ECF No. 41.

In a diversity action, federal court apply state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Washington law, courts give insurance policy language its plain meaning, construing the terms as the average person would. *Robbins v. Mason Cnty. Title Ins. Co.*, 195 Wash. 2d 618, 629 (2020). The party asserting that coverage applies has the burden to prove the "loss falls within the scope of the policy's insured

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 15

losses." *McDonald v. State Farm Fire & Cas. Co.*, 119 Wash. 2d 724, 731 (1992). If this burden is met, the insurer bears the burden of showing an exclusion applies. *Id.* Exclusions are to be strictly and narrowly construed. *Robbins*, 195 Wash. 2d at 629. The interpretation of insurance policy language is a question of law. *McDonald*, 119 Wash. 2d at 730.

Here, both policies contain essentially the same language, where ALPS agreed "to pay on behalf of [Defendants] all sums (in excess of the Deductible amount that the Insured becomes legally obligated to pay as **Damages**, arising from or in connection with a **CLAIM**." ECF Nos. 43 at 9-14, ¶¶ 30, 35 (citing ECF Nos. 42-1, 42-2)[2]. "For any **Claim** covered under this **Policy**, the **Company** shall have the right and the duty to defend such **Claim** even if any or all of the allegations of the **Claim** are groundless, false or fraudulent, but shall have no obligation to appoint legal counsel to defend a **Claim** that is not the subject of a pending civil action, arbitration, or similar proceeding seeking the recovery of compensatory damages." ECF No. 42-1 at 4, ¶ B. A "claim" must arise from "wrongful conduct." ECF No. 42-1 at 4, ¶ A.

---

[2] Because the policies are the same regarding the relevant provisions, the Court will hereinafter cite to the first contract.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 16

A "claim" includes "a demand for money or services including, but not necessarily limited to, the service of suit or institution of arbitration or alternative dispute resolution proceedings against the Insured." *Id.* at 5-6, ¶ C. "Wrongful conduct" is defined as an act, error or omission in **Professional Services** that were or should have been rendered by the **Insured**." *Id.* at 10, ¶ BB. In turn, "professional services" includes an attorney "in an attorney-client relationship on behalf of one or more clients applying the **Attorney's** specialized education, knowledge, skill, labor, experience and/or training, including pro bono services." *Id.* at 9, ¶ Y.

Because a "claim" is "not necessarily limited to" a traditional complaint, the Court finds the sanctions and attorney fees qualifies as a "claim" under the policy as they are a demand for money. *See Robbins*, 119 Wash. 2d at 628. Moreover, viewing the facts in light most favorable to Defendants, the conduct at issue involves acts or omissions in the course of professional services in the underlying class action litigation. Because there is a valid "claim", ALPS bears the burden showing an exclusion exists.

The parties dispute whether "damages" qualifies as an exclusion. As stated *supra*, ALPS agreed to pay damages that arise from or in connection with a claim. "Damages" is defined as any "[m]onetary award by way of judgment or final arbitration, or any settlement" but does not include "sanctions" or "attorney's fees

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 17

or costs." ECF No. 42-1 at 7, ¶ H.  There is also a corresponding exclusion for "Any dispute over fees or costs, or any **Claim** that seeks, whether directly or indirectly, the return, reimbursement or disgorgement of fees, costs, or other funds or property held or controlled at any time by an **Insured**." *Id.* at 11, ¶ I.

First, while Defendants dispute the underlying factual findings and legal conclusions, Defendants do not dispute that the Superior Court in fact issued an order granting sanctions in the amount of attorney fees against Defendants.  *See* ECF No. 42-7.  Second, Defendants dispute whether "sanctions" exist because there has yet to be a final judgment on the sanctions.  ECF No. 50.  Defendants cite no legal support that "sanctions" exist only where there is a final sum due.  To the contrary, "sanction" is defined as "[o]fficial approval or authorization."  Sanction, Black's Law Dictionary (11th ed. 2019).   The Superior Court provided official approval, i.e. sanctioned, Defendants in the amount of attorney fees Robinhood incurred.  *See* ECF No. 42-7.  Third, to the extent Defendants assert Plaintiff "admitted" a duty to defend, the "admission" was based on a hypothetical not related to the facts of the case.  ECF No. 45-1.  The Court finds no admission was made and, in any event, the question of coverage is a question of law.

It is undisputed the only claims Defendants asserted involve sanctions and attorney fees.  Under the relevant definition of damages and corresponding exclusion, the Court finds the conduct at issue is unambiguously outside of the

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 18

coverage Plaintiff agreed to provide. ECF No. 42-1 at 7, ¶ H. Because this is dispositive to the determination of coverage, the Court declines to address whether the separate exclusion applies, i.e. whether Defendants in fact engaged in dishonest, fraudulent, criminal malicious, or intentionally wrongful or harmful act, ECF No. 42-1 at 10, ¶ A, which would also be excluded.

### IV. Duty to Defend

Relatedly, Defendants move for summary judgment on Plaintiff's duty to defend. ECF No. 29. "An insurer is not forced to undertake a defense if it believes the claims asserted against the insured are not covered at all." *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wash. 2d 872, 887 (2013). Here, Plaintiff denied coverage and instituted this action for the Court to determine coverage – there are no facts which suggest Plaintiff was "unsure" there was coverage. *Robbins*, 195 Wash. 2d at 632. As discussed *supra*, Plaintiff had no duty to defend the action under either policy. As a result, summary judgment against Defendants on the duty to defend claim is appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Summary Judgment Regarding Duty to Defend (ECF No. 29) is **DENIED**.

2. Plaintiff's Motion for Partial Summary Judgment (ECF No. 41) is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 19

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED September 30, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 20